Elizabeth J. Koumas (SBN 157425)
KOUMAS LAW GROUP
110 West C Street, Suite 1810
San Diego, CA 92101
Tel: (619) 398-8301
Fax: (619) 234-8814

Attorney for KIR VISTA BALBOA, LP.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Barbara Hubbard,<br><br>Plaintiff,<br><br>v.<br><br>Apple SoCal, LLC dba Applebee's Neighborhood Grill & Bar; Applebee's Restaurants West, LLC dba Applebee's Neighborhood Grill & Bar; Kir Vista Balboa, LP,<br><br>Defendant. | CASE NO.: 08cv1107 BEN (POR)<br><br>**ANSWER TO COMPLAINT BY KIR VISTA BALBOA, LP AND DEMAND FOR JURY TRIAL** |

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, KIR VISTA BALBOA, LP ("Defendant") hereby demands a trial by jury for all issues, and answers Plaintiff's complaint as follows:

1. Defendant lacks sufficient information or knowledge to answer the allegations in paragraph 1, and on that basis they are denied.
2. Defendant lacks sufficient information or knowledge to answer the allegations in paragraph 2, and on that basis they are denied.
3. Defendant denies the allegations of paragraph 3 except as follows: Defendant admits that this court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for alleged violations of the Americans with Disabilities Act

of 1990, 42 U.S.C. §12101 et seq.

4. Defendant denies the allegations of paragraph 4 except as follows: Defendant admits that this court has supplemental jurisdiction of this action pursuant to 28 U.S.C. §1367.

5. Defendant denies the allegations of paragraph 5 except as follows: Defendant admits that the regulations cited by plaintiff exist.

6. Defendant denies the allegations of paragraph 6 except as follows: Defendant admits that venue is proper in this court pursuant to 28 U.S.C. 1391(b) because the Restaurant is located in this district.

7. Defendant denies the allegations of paragraph 7 except as follows: Defendant admits that its tenant, Applebee's leases the subject premises, and owns and operates the Restaurant.

8. Defendant lacks sufficient information or knowledge to answer the allegations in paragraph 8, and on that basis they are denied.

9. Defendant lacks sufficient information or knowledge to answer the allegations in paragraph 9, and on that basis they are denied.

10. Defendant lacks sufficient information or knowledge to answer the allegations in paragraph 10, and on that basis they are denied.

11. Defendant lacks sufficient information or knowledge to answer the allegations in paragraph 11, and on that basis they are denied.

12. Defendant lacks sufficient information or knowledge to answer the allegations in paragraph 12, and on that basis they are denied.

13. Defendant lacks sufficient information or knowledge to answer the allegations in paragraph 13, and on that basis they are denied.

14. Defendant lacks sufficient information or knowledge to answer the allegations in paragraph 14, and on that basis they are denied.

15. Defendant lacks sufficient information or knowledge to answer the allegations in paragraph 15, and on that basis they are denied.

16. Defendant lacks sufficient information or knowledge to answer the allegations in paragraph 16, and on that basis they are denied.

17. Defendant incorporates by reference its responses to paragraphs 1-15 above.

18. Defendant denies the allegations of paragraph 18 except as follows: Defendant admits that the regulation cited by plaintiff exists.

19. Defendant lacks sufficient information or knowledge to answer the allegations in paragraph 19, and on that basis they are denied.

20. Defendant denies the allegations of paragraph 20 except as follows: Defendant admits that the regulation cited by plaintiff exists.

21. Defendant denies the allegations of paragraph 21 except as follows: Defendant admits that the regulation cited by plaintiff exists.

22. Defendant lacks sufficient information or knowledge to answer the allegations in paragraph 22, and on that basis they are denied.

23. Defendant lacks sufficient information or knowledge to answer the allegations in paragraph 23, and on that basis they are denied.

24. Defendant lacks sufficient information or knowledge to answer the allegations in paragraph 24, and on that basis they are denied.

25. Defendant denies the allegations of paragraph 25 except as follows: Defendant admits that the regulation cited by plaintiff exists.

26. Defendant lacks sufficient information or knowledge to answer the allegations in paragraph 26, and on that basis they are denied.

27. Defendant lacks sufficient information or knowledge to answer the allegations in paragraph 27, and on that basis they are denied.

28. Defendant denies the allegations of paragraph 28 except as follows: Defendant admits that the regulation cited by plaintiff exists.

29. Defendant lacks sufficient information or knowledge to answer the allegations in paragraph 29, and on that basis they are denied.

30. Defendant denies the allegations of paragraph 30 except as follows:

Defendant admits that the regulation cited by plaintiff exists.

31. Defendant lacks sufficient information or knowledge to answer the allegations in paragraph 31, and on that basis they are denied.

32. Defendant lacks sufficient information or knowledge to answer the allegations in paragraph 32, and on that basis they are denied.

33. Defendant lacks sufficient information or knowledge to answer the allegations in paragraph 33, and on that basis they are denied.

34. Defendant incorporates by reference its responses to paragraphs 1-30 above.

35. Defendant denies the allegations of paragraph 35 except as follows: Defendant admits that the regulation cited by plaintiff exists.

36. Defendant denies the allegations of paragraph 36 except as follows: Defendant admits that the regulation cited by plaintiff exists.

37. Defendant denies the allegations of paragraph 37 except as follows: Defendant admits that the regulation cited by plaintiff exists.

38. Defendant lacks sufficient information or knowledge to answer the allegations in paragraph 38, and on that basis they are denied.

39. Defendant lacks sufficient information or knowledge to answer the allegations in paragraph 39, and on that basis they are denied.

40. Defendant lacks sufficient information or knowledge to answer the allegations in paragraph 40, and on that basis they are denied.

41. Defendant incorporates by reference its responses to paragraphs 1-30 above.

42. Defendant denies the allegations of paragraph 42 except as follows: Defendant admits that the regulation cited by plaintiff exists.

43. Defendant denies the allegations of paragraph 43 except as follows: Defendant admits that the regulation cited by plaintiff exists.

44. Defendant denies the allegations of paragraph 44 except as follows: Defendant admits that the regulation cited by plaintiff exists.

45. Defendant lacks sufficient information or knowledge to answer the

allegations in paragraph 45, and on that basis they are denied.

46. Defendant lacks sufficient information or knowledge to answer the allegations in paragraph 46, and on that basis they are denied.

47. Defendant lacks sufficient information or knowledge to answer the allegations in paragraph 47, and on that basis they are denied.

48. Defendant lacks sufficient information or knowledge to answer the allegations in paragraph 48, and on that basis they are denied.

49. Defendant incorporates by reference its responses to paragraphs 1-13 above.

50. Defendant denies the allegations of paragraph 50 except as follows: Defendant admits that the regulation cited by plaintiff exists.

51. Defendant denies the allegations of paragraph 51 except as follows: Defendant admits that the regulation cited by plaintiff exists.

52. Defendant lacks sufficient information or knowledge to answer the allegations in paragraph 52, and on that basis they are denied.

53. Defendant lacks sufficient information or knowledge to answer the allegations in paragraph 53, and on that basis they are denied.

## AFFIRMATIVE DEFENSES

As separate, distinct and affirmative defenses to the complaint on file herein. Defendant alleges on information and belief as follows:

### I

That each purported cause of action alleged in the complaint fails to state facts sufficient to constitute a cause of action against this answering Defendant.

### II

The claims in plaintiff's complaint are barred by the applicable statutes of limitation, including but not limited to 42 U.S.C. §12101, et seq., Cal. Civil Code §§51, 54 et seq., and Cal. Bus. & Prof. Code §17200 et seq.

### III

Any alleged failure by Defendant to alter, repair, or modify the premises does not

give rise to a cause of action by plaintiff under the Unruh Act, since the Unruh Act specifically exempts such conduct from the scope of the act. Further, that Defendant has no duty to modify, alter, or repair already existing structures. Accordingly, plaintiff's claims are barred.

**IV**

Defendants are informed and believe, and on that basis allege, that plaintiff's complaint is barred by the doctrines of waiver and estoppel.

**V**

Plaintiff failed to take all proper measures and remedies to protect her person, and failed to mitigate her damages, if any, thus barring or diminishing plaintiff's recovery against this answering Defendant.

**VI**

The causes of action are barred in whole or in part by the equitable provision of laches and/or the doctrine of unclean hands.

**VII**

Defendant, without admitting that they engaged in any of the acts or conduct attributed to it by the complaint, contend that any of the alleged acts or conduct which may have been engaged in by Defendant was reasonable, justified, in good faith, privileged and/or legitimate nondiscriminatory business reasons.

**VIII**

The injuries to the plaintiff, if any, were sustained in that plaintiff failed to exercise ordinary and reasonable care, caution or prudence to avoid such incident, and the resulting damages, if any, sustained by the plaintiff were proximately caused and contributed to by the negligence of plaintiff. As a result, plaintiff's recovery, if any, must be reduced in toto or in part by her own fault, and she may be barred from bringing suit against this Defendant for any damages.

**IX**

Defendant contends that any wrongful acts or deprivation of rights were legally caused by third parties other than this Defendant, thus barring or diminishing plaintiff's recovery against this answering Defendant. Additionally, this answering Defendant would be entitled to contribution, apportionment or indemnification from such third parties.

**X**

Plaintiff lacks standing and/or is not a member of the class intended to be protected by the applicable law, and accordingly plaintiff's claims are barred.

**XI**

Any duty or obligation which plaintiff claims is owed by Defendant has been fully performed, satisfied and/or discharged.

**XII**

Plaintiff's claims are barred by her failure to properly exhaust the appropriate administrative remedies and/or perform the conditions precedent.

**XIII**

Plaintiff has failed to state a claim for injunctive and/or equitable relief.

**XIV**

Plaintiff's claims are moot.

**XV**

Defendant's alleged acts were not arbitrary and intentional, and/or such alleged acts were in the furtherance of legitimate business interests, and accordingly plaintiff's claims are barred.

**XVI**

Defendant's alleged practices or policies are facially neutral and bear a reasonable relation to commercial objectives appropriate to an enterprise allegedly serving the public, and accordingly plaintiff's claims are barred.

**XVII**

Defendant is not a business entity covered by the Unruh Act, Americans with Disabilities Act, or other statutes referenced by plaintiff in her complaint, and accordingly plaintiff's claims are barred.

**XVIII**

Defendant's alleged actions or inaction are based on its exercise of constitutionally protected rights, under both the United States and California Constitutions. As a result, plaintiff is not entitled to the relief requested in the complaint.

**XIX**

There have been no alterations, structural repairs, or additions made since the time-frame proscribed by law, and/or any such alleged alterations, structural repairs, or additions were made to areas unrelated to plaintiff's claims. Accordingly, plaintiff's claims are barred.

**XX**

The removal of the alleged structural barriers is not readily achievable, and accordingly plaintiff's claims are barred.

**XXI**

The requested modifications to this answering Defendant's alleged policies, practices and procedures are so drastic as to require this answering Defendant to significantly alter the nature of the alleged business. Further, the cost to modify, alter or restructure was, and is, disproportionate to the cost or overall alteration, and accordingly plaintiff's claims are barred.

**XXII**

Defendant presently has insufficient knowledge or insufficient information upon which to form a belief as to whether it may have additional, yet unasserted, affirmative defense. Defendant therefore reserves the right to assert additional affirmative defenses in the event discovery indicates it would be appropriate.

WHEREFORE, Defendant prays as follows:

1. Plaintiff take nothing by her complaint;
2. Defendant be awarded its costs of litigation and reasonable attorney's fees;
3. The complaint be dismissed; and
4. For such other and further relief as the Court deems proper.

DATED: 8.4.08

KOUMAS LAW GROUP

[signature]

Elizabeth J. Koumas
Attorney for KIR Vista Balboa, LP